UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RAYFIELD LEROY WILLIS                                                                     PETITIONER

VERSUS                                                          CIVIL ACTION NO. 3:23-CV-573-DPJ-RPM

SUPERINTENDENT M. MCCLURE                                                              RESPONDENT

## REPORT AND RECOMMENDATION

Rayfield LeRoy Willis filed on September 5, 2023, a 28 U.S.C. § 2254 petition for writ of habeas corpus. On July 28, 2021, a jury in the Circuit Court of Copiah County found Willis guilty of being a felon in possession of a firearm. Doc. [15-1] at 88, 91. Following the conviction, the trial court sentenced Willis as a habitual offender to a 10-year prison term. *Id.* at 92. Willis currently is serving his sentence in Mississippi Department of Corrections' custody. Willis' attorney filed a direct appeal asserting as his only claim that the trial court erred in allowing the State to present unauthenticated evidence to the jury during rebuttal testimony. The Mississippi Court of Appeals rejected this claim and affirmed Willis' conviction and sentence. *See Willis v. State of Mississippi*, 348 So.3d 1035 (Miss. Ct. App. 2022).

Willis filed a petition for post-conviction relief in state court asserting that the jury's verdict was contrary to the overwhelming weight and sufficiency of the evidence. The Mississippi Supreme Court denied his petition. Doc. [16-2]. Willis then filed the instant § 2254 petition raising as his only claim that the evidence was insufficient to justify a rational trier of fact finding him guilty beyond a reasonable doubt. He also requests an evidentiary hearing.

## Law and Analysis

The Mississippi Supreme Court considered and rejected the sole claim raised in Willis' § 2254 petition, i.e. whether the jury's verdict was contrary to the overwhelming weight and

sufficiency of the evidence. *See* Doc. [16-2]. Accordingly, the Court must consider his claims under 28 U.S.C. § 2254 (d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Subsection (d)(2) applies to a state court's factual determinations, and subsection (d)(1) governs review of questions of law and mixed questions of law and fact. *See Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 2000).

As to questions of law, a federal court must defer to the state court's decision on the merits of such claim unless that decision was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court. A state court decision is contrary to federal law when the state court reaches a conclusion opposite to that of the United States Supreme Court on a question of law or if the state court decides a case differently than the United States Supreme Court has on a set of materially indistinguishable facts. *Murphy v. Dretke*, 416 F.3d 427, 432 (5th Cir. 2005). A state court decision involves an unreasonable application of federal law when the state court properly identifies the applicable federal principle but unreasonably applies the principle to the facts of the petitioner's case. *Id.*

As to questions of fact, federal habeas courts presume that state court factual findings are correct unless the findings are "based on an unreasonable determination of the facts in light of

the evidence presented in the state court proceeding." *See Knox v. Johnson*, 224 F.3d 470, 476 (5th Cir. 2000). Section 2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). "[R]eview under [Section] 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). A federal habeas court presumes that the state court's findings of fact are correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Murphy*, 416 F.3d at 432.

In assessing the sufficiency of the evidence to support a state conviction, a federal habeas court must inquire, after viewing the evidence in a light most favorable to the prosecution, whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *West v. Johnson*, 92 F.3d 1385, 1393 (5th Cir. 1996). This Court is required to accept all credibility choices and conflicting inferences in favor of the jury's verdict. *See Ramirez v. Dretke*, 398 F.3d 691, 694 (5th Cir. 2005). This requirement encompasses both direct and circumstantial evidence. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990); *see also Jackson*, 443 U.S. at 324-25. Witness credibility determinations are within the province of the jury and it "retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). On habeas review, the court defers to the trier of fact in resolving conflicts requiring credibility determinations. *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002).

Willis argues his conviction is unconstitutional because the investigating officer did not find the firearm in his possession. Rather, Willis' girlfriend retrieved the firearm from the house

3

while Willis was in the officer's patrol car. Moreover, police officers did not test for fingerprints on the firearm and did not perform a gun powder residue test. Hence, according to Willis, the State could not prove his actual or constructive possession of the firearm.

To support a conviction for felon in possession of a firearm, the State must prove that (1) Willis was in possession of a firearm; and (2) that he had been previously convicted of a felony. *Billups v. State of Mississippi*, 270 So.3d 917, 920 (Miss. Ct. App. 2018). A review of the facts presented at trial supports the jury's verdict. The parties stipulated that Willis was a felon at the time of the incident. Doc. [15-1] at 66. Moreover, based on trial testimony, a rational trier of fact could have found beyond a reasonable doubt that Willis possessed a firearm. Omecia Skaggs testified that in the early morning of June 27, 2020, she was at Kercsheila Jackson's house. Willis was sitting on the front steps leading up to Jackson's house. His house was next to Jackson's. Willis and some others were drinking and talking loudly. Skaggs told them to quiet down because Jackson's children were in the house sleeping. According to Skaggs, Willis became angry, cussed at her, left briefly to go to his house, and returned with a handgun. Skaggs testified that she could see the gun cupped in Willis' hand. At some point, Skaggs heard two gunshots; however, she did not see the gunshots fired. Kercsheila Jackson testified that she heard two gunshots and saw the flash from a gun where Willis was standing on his porch. Jackson called the police. Officer Joseph McKenny responded to the call and interviewed Willis. According to Officer McKenny, Willis admitted to him that he fired a gun in the air. Officer McKenny interviewed Jacqueline Ruff, Willis' girlfriend who lived in Willis' house. She indicated that the gun belonged to her and that she had purchased it a few days prior to the incident. She retrieved the gun from Willis' house and gave it to Officer McKenny. Ruff admitted to Officer McKenny that Willis had fired the gun. Investigator Keith Denson testified

4

that he also spoke with Ruff. The prosecution played an audio recording of the interview during which Ruff told Denson that Willis had fired the gun. Based on eyewitness testimony, the undersigned finds that sufficient evidence supports the jury's verdict.

**Evidentiary Hearing**

In conjunction with his habeas petition, Willis requests an evidentiary hearing. However, he does not explain why an evidentiary hearing would be warranted. State prisoners seeking federal habeas relief generally are not entitled to an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2); *Cullen*, 563 U.S. at 185-86. "If the prisoner has failed to develop the facts, an evidentiary hearing cannot be granted unless the prisoner's case meets the other conditions of [Section] 2254(e)(2)." *Michael Williams v. Taylor*, 529 U.S. 420, 430 (2000). "Under the opening clause of [Section] 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id.* at 432. "The question is not whether the facts could have been discovered but instead whether the prisoner was diligent in his efforts." *Id.* at 435. "Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend[] . . . upon whether those efforts could have been successful." *Id.* Finally, if the petitioner was not diligent, the Court will not bar an evidentiary hearing if "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, . . . was previously unavailable[,]" 28 U.S.C. § 2254(e)(2)(A)(i), or "if efforts to discover the facts would have been in vain, see [Section] 2254(e)(2)(A)(ii), and[, in both cases,] there is a convincing claim of innocence, see [Section] 2254(e)(2)(B)[.]" *Michael Williams*, 529 U.S. at 435.

Willis offers no explanation for why he should be afforded an evidentiary hearing or what favorable evidence he anticipates presenting at an evidentiary hearing. He does not demonstrate due diligence. Nor does he assert a convincing claim of innocence or point to a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. Accordingly, Willis' request for an evidentiary hearing is denied.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Rayfield LeRoy Wills' 28 U.S.C. § 2254 petition for writ of habeas corpus be DENIED and DISMISSED with prejudice.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 23rd day of April 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE